## STATE v. CALEB COXE.

Court of Quarter Sessions. May 9, 1815.

*Clayton's Notebook, 45.*

*Clayton* for the State. By Statute, 11 Geo. [II], c. 19, a distress may be impounded on any part of the premises, and in this case, the landlord having by. virtue of that Statute made the house a pound, he and Fleetwood, the constable, had a right to enter for the purpose of appraising and selling the goods distrained. After a sheriff makes a peaceable levy under a *fieri facias* he may break open outer doors to get at the goods for the purpose of selling them. In both cases the goods are in the custody of the law. There are many exceptions to the rule that in civil process an outer door cannot be broken open; for in-

stance, the privilege of the house does not extend to the goods of a stranger.

*Ridgely* for defendant. Fleetwood broke open the domicile of the defendant, and he was therefore justifiable in repelling the injury. In civil cases the sheriff cannot break open an outer door to execute process. *Semayne's case,* 5 Co. 92b, 1 East P.C. 321, *a fortiori* Fleetwood could not do it in this case, because he had not process of any kind. It was the duty of the landlord to have removed the distress, and I deny his right to make the house a pound. At most it was nothing more than a pound breach by Coxe, for which 2 Del.Laws 1148, c. 39c, s. 2, has given a specific remedy, double damages and costs of suit, and the landlord has no other remedy.

PER CURIAM. Any attempt with force and arms to do an injury to another, where the attempt is coupled with an ability to do the injury, is an assault.

As to the notice given to Fleetwood by Coxe's wife not to enter the house: where the husband is present, the wife has no right to forbid any one to enter the house.

It is very certain that an officer cannot justify breaking open an outer door to execute any civil process, nor can the landlord to distrain; but where an actual levy or distress has been peaceably made, we hold it equally clear that an outer door may be broken open in order to get at the goods for the purpose of selling them. An entry to sell resembles the case of breaking open an outer door to retake one who has escaped after an arrest on a *capias ad respondendum,* which may unquestionably be done, even on Sunday. (See a case in 1 Esp.N.P. 382, *Francomb v. Pinche.*)

Verdict, guilty.